IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MICHAEL A. DENOEWER, : | |
| : | Case No. 2:17-cv-0660 |
| Plaintiff, : | |
| : | JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | Magistrate Judge Jolson |
| UCO INDUSTRIES, INC., : | |
| : | |
| Defendant. : | |

**OPINION & ORDER**

This matter is before the Court on Plaintiff's and Defendant's Motions in Limine. (ECF Nos. 118, 119, 120, 121, 127). For the reasons set forth below, the Court **DENIES** Plaintiff's Motions, **GRANTS IN PART AND DENIES IN PART** Defendant's Motions, and withholds ruling on one of Defendant's Motions.

**II. APPLICABLE LAW**

**A. Motions in Limine**

The purpose of motions in limine is "to narrow the issues remaining for trial and to minimize disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999). In disposing of a motion in limine, the guiding principle is to "ensure evenhanded and expeditious management of trials." *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio July 16, 2004). Courts should "exclude evidence on a motion in limine only when that evidence is determined to be clearly inadmissible on all potential grounds." *Delay v. Rosenthal Collins Grp., LLC*, 2012 WL 5878873, at *2 (S.D. Ohio Nov. 21, 2012). Thus, "[w]hen a court is unable to determine whether or not certain evidence is clearly inadmissible, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice can be

resolved in the proper context." *Id*. "Orders in limine which exclude broad categories of evidence should seldom be employed. A better practice is to deal with questions of admissibility as they arise." *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975); *see also Morrison v. Stephenson*, 2008 WL 343176, at *1 (S.D. Ohio Feb. 5, 2008) ("Courts . . . are generally reluctant to grant broad exclusions of evidence in limine, because a court is almost always better situated during the actual trial to assess the value and utility of evidence.") (internal quotation omitted). "Whether or not to grant a motion in limine falls within the sound discretion of the trial court." *Delay*, 2012 WL 5878873, at *2.

### B. Rules of Evidence

Together, the parties' motions implicate the Federal Rules of Evidence on relevance (Rules 401, 402, 403), lay and expert witnesses (Rules 602, 701, 702, 703, 704), and hearsay (Rules 801, 802), as well as Federal Rule of Civil Procedure 26(a)(2) on pretrial disclosures.

The relevance rules provide that evidence is relevant, and thus generally admissible, if it has "any tendency" to make a "fact . . . of consequence in determining the action" "more or less probable than it would be without the evidence." Fed. R. Evid. 401, 402. Relevant evidence may be excluded, however, when the court determines that "its probative value is substantially outweighed" by "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Lay witnesses are restricted in offering opinion testimony, as it must be "rationally based on the witness's perception," "helpful to understanding the witness's testimony or to determining a fact in issue," and "not based on scientific, technical, or other specialized knowledge." Fed. R. Evid. 701. Lay witnesses also are required to have personal knowledge of the matter to which they testify. Fed. R. Evid. 602. By contrast, expert witnesses generally can testify in the form of an

opinion. Fed. R. Evid. 702. Opinion testimony by an expert is "not objectionable just because it embraces an ultimate issue," provided that it stops short of giving legal conclusions. Fed. R. Evid. 704(a). Experts need not have personal knowledge of the matter, and they may base an opinion on facts or data brought to their awareness. Fed. R. Evid. 602, 703. If the expert's opinion rests on otherwise inadmissible evidence, however, the expert may disclose them "only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." *Id.*

Hearsay is an out-of-court statement offered for the truth of the matter asserted, and it generally is inadmissible. Fed. R. Evid. 801(c), 802. One of the exceptions to this rule, at issue here, is the statement of an opposing party. A statement that "was made by the party's agent or employee on a matter within the scope of that relationship and while it existed" is excluded from the hearsay definition, and thus is admissible, when offered against that party. Fed. R. Evid. 801(d)(2)(D).

Federal Rule of Civil Procedure 26(a)(2) concerns the pretrial disclosures of an expert witness. The rule generally requires a written report containing "a complete statement of all the opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). The report "must only convey the substance of the expert's opinion," and it "need not replicate every word that the expert might say on the stand." *Evans v. Cardinal Health*, 2020 WL 8459004, at *5 (E.D. Mich. Nov. 19, 2020) (internal quotations omitted).

### III. ANALYSIS

#### A. Plaintiff's Motions in Limine

Plaintiff submitted four Motions in Limine (ECF Nos. 118, 119, 120, 121). For the reasons that follow, these Motions are **DENIED**.

3

1. *To Preclude Defendant from Raising the Affirmative Defense of Direct Threat at Trial (ECF No. 118)*

Plaintiff first asks the Court to preclude Defendant from raising the affirmative defense of "direct threat." Plaintiff argues that Defendant raised direct threat only in the context of the "File 13" job, which did not survive summary judgment, and not in the context of the "production line" job presently at issue. (ECF No. 118 at 3). Defendant acknowledges that the direct threat defense is moot with respect to the File 13 job but denies that it waived the defense with respect to the production line job. (ECF No. 135 at 2).

The Court previously granted Defendant leave to amend its answer and plead direct threat with respect to both jobs. (ECF No. 100 at 28–29). The amended answer pled direct threat in general terms and did not confine the argument to the File 13 job. (ECF No. 105 ¶ 62). Moreover, Plaintiff has been on notice of this argument since Defendant's first answer to the original complaint. Defendant consistently has pled that it possessed legitimate, nondiscriminatory reasons for its actions (ECF No. 13 ¶ 10; ECF No. 30 ¶ 55; ECF No. 46 ¶ 55; ECF No. 49 ¶ 50; ECF No. 105 ¶ 50); and an employee's threatening behavior can be such a reason. *See, e.g.*, *McNamara v. Gen. Motors, LLC*, 189 F. Supp. 3d 685, 697 (N.D. Ohio May 27, 2016).

Because Plaintiff's first Motion is premised on a misplaced assumption that Defendant waived the direct threat defense as applied to the production line job, the Motion is **DENIED**.

2. *Plaintiff's Motion in Limine to Preclude Defendant from Presenting Evidence of Plaintiff's Personal Care Needs and Behavior Outside of the Workplace (ECF No. 119)*

Next, Plaintiff asks the Court to preclude Defendant from presenting evidence of Plaintiff's behavior outside the workplace, including his personal care needs. Plaintiff argues that such evidence tarnishes his reputation without bearing on his job qualifications, so it is irrelevant under Rule 401 or unfairly prejudicial under Rule 403. (ECF No. 119 at 3–4). Defendant retorts that

Plaintiff put such evidence at issue through its experts. Dr. Mills relied on Plaintiff's personal care skills to assess his qualification for the jobs at issue (ECF No. 135 at 4); and Dr. Mills and Dr. Calculator each concluded that Defendant caused Plaintiff's disruptive behavior. (*Id.* at 6). Evidence of personal care needs and of disruptive behavior outside the workplace (*i.e.*, in the absence of the alleged trigger) would tend to challenge the experts' conclusions.

Defendant has identified some plausible ground that would permit the evidence of personal care needs and behavior outside the workplace to be heard. Specifically, Defendant offers the evidence as rebuttal to Plaintiff's experts, not affirmatively to tarnish Plaintiff's reputation. Plaintiff's second Motion is **DENIED**.

3. *Plaintiff's Motion in Limine to Preclude Defendant from Referring to Plaintiff's Behaviors in the Workplace as "Violent" (ECF No. 120)*

Plaintiff asks the Court to preclude Defendant from characterizing Plaintiff's behavior at UCO as "violent," asserting that only an expert can interpret Plaintiff's intent. (ECF No. 120 at 4). Defendant contends that lay testimony is appropriate and should not be excluded. (ECF No. 135 at 8).

Defendant correctly identifies that the Federal Rules on expert testimony are permissive, not mandatory. Just because an issue may be appropriate for expert testimony does not mean that lay testimony is barred. Rule 701 permits opinion testimony by a lay witness that is "rationally based on the witness's perception." Defendant seeks to offer testimony from witnesses who observed Plaintiff grabbing, head-butting, and biting others in the workplace, and who perceived these behaviors as "violent." (*Id.*). Such testimony will be helpful to the jury as a summary of observations, and it will not carry any aura of expertise. *See also United States v. Gyamfi*, 805 F.3d 668, 672 (6th Cir. 2015) (Body language and physical demeanor observed by a lay witness may be characterized as "nervous" because "testimony related to a person's manner of conduct is also

5

categorized as a prototypical example of Rule 701 evidence."); *Yowan Yang v. ActioNet, Inc.*, 2016 WL 8929250, at *7–8 (In a case involving assault at a workplace, "lay witness testimony recalling violence by [the assailant] that occurred in the witness's presence" is relevant and admissible, provided that it concerns "specific instances of conduct that they have observed" and not "whether someone has a 'propensity for violence.'").

Plaintiff's expert, Dr. Calculator, may undermine the weight of this evidence by testifying that the behaviors were "purposeful and communicative" expressions of a nonverbal individual. (ECF No. 120 at 2). But Plaintiff may not bar the admission of lay testimony altogether. Plaintiff's third Motion is **DENIED**.

4. *Plaintiff's Motion in Limine to Preclude Defendant from Arguing that "No Good Deed Goes Unpunished" and Making Similar Arguments that Risk Jury Nullification (ECF No. 121)*

Finally, Plaintiff seeks to preclude arguments that risk jury nullification, such as the adage in Defendant's Motion for Summary Judgment that "No good deed goes unpunished." Plaintiff argues that Defendant's mission to employ people with developmental disabilities is the type of evidence that would encourage jurors to decide the case based on "*what UCO is* instead of *what UCO did* vis-à-vis Mr. Denoewer." (ECF No. 121 at 2). Defendant responds that its mission is relevant to malice and punitive damages, which Plaintiff put at issue. (ECF No. 135 at 13).

Defendant's mission would tend to disprove Plaintiff's assertion that punitive damages are necessary to prevent it from discriminating again against developmentally disabled workers. Accordingly, Defendant has identified some potential ground for admissibility. If the arguments start to verge on coded pleas for jury nullification, the Court will intervene at trial. Plaintiff's final Motion is **DENIED**.

6

### B. Defendant's Motion in Limine (ECF No. 127)

Defendant submitted a single Motion in Limine containing ten objections, most of which related to Plaintiff's expert testimony. For the reasons that follow, Defendant's fifth and tenth objections are **SUSTAINED**, ruling is withheld on the sixth objection, and the remaining objections are **OVERRULED**.

*1. Objections relating to Plaintiff's expert witnesses*

Defendant's ***first*** objection seeks to preclude Plaintiff's experts from testifying as to legal conclusions. (ECF No. 127 at 2). Defendant argues that Dr. Mills and Dr. Calculator "cross the line" when they testify, *inter alia*, on whether particular accommodations are "reasonable," (*Id.* at 3), whether Plaintiff was "qualified," (*Id.*), and whether particular job functions are "essential," (*Id.* at 4). Federal Rule 704(a) provides that, in general, an expert opinion "is not objectionable just because it embraces an ultimate issue." Plaintiff, citing this rule and Sixth Circuit caselaw, states that its experts will "suggest the answer" to legal questions but will not opine on whether Defendant violated the law. (ECF No. 132 at 4–5). *See also Babb v. Maryville Anesthesiologists P.C.*, 942 F.3d 308, 317 (6th Cir. 2019). This is permissible; and to the extent that the experts cross this line, the Court will hear objections at trial. Further, Plaintiff notes that several of the terms to which Defendants object (*e.g.*, "disabled," "qualified," "accommodation") are also within the experts' professional vernacular. (ECF No. 132 at 5). Proper jury instructions will clarify that the jury should not take the experts as legal authorities. Defendant's first objection is **OVERRULED**.

Defendant's ***second*** objection challenges the relevance of Dr. Mills's opinions on how Plaintiff's career trajectory was affected by the alleged discrimination. (ECF No. 127 at 4–5). Defendant views Dr. Mills's report as suggesting a legal duty on its part to help Plaintiff achieve competitive wage employment. (*Id.* at 5). This misconstrues the report. Dr. Mills will offer

7

opinions on the damages Defendant caused by their alleged discrimination. (ECF No. 132 at 6). The legal duty is nondiscrimination; the loss of competitive wage employment is a damages theory thereunder. To the extent Defendant is concerned about misleading the jury with inapplicable legal duties, clear jury instructions are the preferable remedy. Defendant's second objection is **OVERRULED**.

Defendant's ***third, fourth, and fifth*** objections concern Plaintiff's expert testimony on reasonable accommodations. (ECF No. 127 at 6, 8, 10). Defendant has conceded in its proposed jury instructions that "no accommodation was necessary because Mr. Denoewer could perform that essential functions of the production line job without accommodations and UCO never prohibited him from working on the production line because of his disability." (ECF No. 128 at 3). Defendant seeks now to exclude reasonable accommodations evidence as irrelevant or not disclosed. Plaintiff agrees that the testimony complained of in objection five is no longer needed since the facts it sought to prove are no longer in dispute. (ECF No. 132 at 11).

As to objections three and four, however, Plaintiff seeks still to present the testimony on reasonable accommodations as either background evidence, rebuttal to Defendant's testimony about Plaintiff's low productivity, or evidence of other wrongs suggestive of motive or absence of mistake. (*Id.* at 7). The strongest ground for admissibility is rebuttal. Despite their concession, Defendant continues to argue that it declined to promote Plaintiff to the production line job out of "concern[] that Mr. Denoewer would not maintain the team speed necessary to succeed on the production line because he was one of the slowest workers in the pre-production area." (ECF No. 128 at 3). An absence of reasonable accommodations at the pre-production area would be relevant to whether Defendant's concern was legitimate or self-fulfilling. Moreover, Plaintiff has put other wrongs at issue by seeking punitive damages. As to disclosure, Plaintiff complied with Federal

Rule of Civil Procedure 26 by indicating that Dr. Mills's testimony would cover reasonable accommodations available to Defendant. (ECF No. 127-1 at 2). Defendant complains that the specific proposed accommodations were not disclosed; but, as Plaintiffs note, Defendant could have learned this information by deposing Dr. Mills. (ECF No. 132 at 8–9).

The Court appreciates that excluding all evidence of reasonable accommodations would simplify issues for the jury; but Plaintiff has identified legitimate uses for some of the expert testimony. Accordingly, Defendant's fifth objection is **SUSTAINED**, but its third and fourth objections are **OVERRULED**.

Defendant's *sixth* objection asks the Court to prevent Plaintiff's experts from testifying that Defendant could have or should have tolerated Plaintiff's "violent" behavior. (ECF No. 127 at 12). The Court has observed in this very case that the ADA duty to accommodate does not run in favor of employees who threaten or commit violence because they are considered unqualified for the job. (ECF No. 100 at 15–16). Defendants, however, have not identified which (if any) portions of the expert reports and expected testimony will suggest that there is a legal duty to accommodate violent behavior. Rather than rule prematurely, the Court will **WITHHOLD** ruling on this objection and assess the issue at trial, when it can be considered in proper context.

Defendant's *seventh* objection seeks to preclude Plaintiff's experts from testifying beyond the scope of their expertise. Defendant argues that Dr. Mills and Dr. Calculator are not qualified to opine on what caused Plaintiff's disruptive behavior at the workplace. (ECF No. 127 at 13). Defendant also notes that Plaintiff's treating psychiatrist and primary physician reached conclusions in tension with those of Dr. Mills and Dr. Calculator. (*Id.* at 14–15). Opinions can, and often do, differ between experts; just because Plaintiff's treating doctors reached different conclusions does not mean that Dr. Mills and Dr. Calculator are unqualified. On the contrary, the

9

experts have greater than seventy years' combined experience working with people with developmental disabilities. (ECF No. 132 at 12). Defendant may probe the experts' qualifications and conclusions during cross examination, but the seventh objection is **OVERRULED**.

Defendant's *eighth and ninth* objections challenge Plaintiff's expert testimony related to lost earning capacity. Defendants state that Dr. Sabo and Dr. Boyd will offer opinions that are irrelevant to the case, which they also failed to disclose as required by Federal Rule of Civil Procedure 26(a)(2). (ECF No. 127 at 15, 19). The challenged opinions relate to Plaintiff's lost future earning capacity resulting from Defendant's discrimination (ECF No. 132 at 13), not, as Defendants argue, to Plaintiff's suitability to work in the production line. (ECF No. 127 at 16). In other words, the experts will testify to consequential damages, which are relevant as one of Plaintiff's key theories of the case. Moreover, Plaintiff disclosed in their Rule 26 report that Dr. Sabo and Dr. Boyd would give opinions about Plaintiff's potential to achieve competitive wage employment and about the present value of lost earnings. (ECF No. 127-1 at 3, 4). Therefore, the opinions are relevant and were disclosed properly. Defendant's objections as to the experts' methodology, such as the similarity of the jobs and wages they considered, are appropriate for cross-examination. Defendant's eighth and ninth objections are **OVERRULED**.

2. *Hearsay objection*

Defendant's *tenth* and final objection seeks to exclude hearsay testimony from Ms. Cauley, an employee of the Union County Board of Developmental Disabilities ("UCBDD"). (ECF No. 127 at 20; ECF No. 132 at 14). UCBDD previously was a co-defendant in this case since it controlled Defendant UCO until a privatization effort in 2013. (*Id.* at 15). Ms. Cauley would testify about statements allegedly made by her supervisor Mr. Murphy, also a County employee, that

10

suggest Defendant denied Plaintiff the opportunity to work on the production line in retaliation for Plaintiff's parents having opposed privatization. (ECF No. 127 at 20).

The statements in question occurred prior to privatization, when Mr. Murphy still supervised UCO employees. (ECF No. 132 at 15). Plaintiff seeks to admit the statement as the admission of a party opponent. (*Id.*). But in so doing, Plaintiff would have Mr. Murphy's statement attributed *down* the chain of supervision. Rule 801(d)(2)(D) attributes statements by the agent or employee *up* the chain to the principal or employer. It does not work in the reverse. *See, e.g.*, *Mahlandt v. Wild Canid Survival & Res. Ctr., Inc.*, 588 F.2d 626, 631 (8th Cir. 1978) (statement contained in minutes of corporate board meeting are not admissible against employee of corporation, whereas employee's statements are admissible against corporation). Mr. Murphy's statement would be admissible against UCBDD, but not against Defendant UCO.

Separately, the statement is of questionable relevance. The statement suggests that Plaintiff's firing was retaliatory, not discriminatory. Plaintiff's case sounds under disability discrimination and does not allege any form of retaliation. (*See* ECF No. 45). Moreover, the event allegedly prompting the retaliation is Plaintiff's *parents'* exercise of free speech rights, not Plaintiff's exercise of any rights under federal or state discrimination laws. Even if the statement were allowed as nonhearsay, it still could be excluded as nonrelevant. Fed. R. Evid. 401(b), 402.

An additional challenge occurs because Dr. Mills relied on Ms. Cauley's testimony about Mr. Murphy's statement in forming her opinion. (ECF No. 127 at 20). Per Rule 703, experts can rely on otherwise inadmissible evidence, but it can be disclosed to the jury "only if [the] probative value in helping the jury evaluate the opinion substantially outweighs [the] prejudicial effect." There is significant probative value to the Court and jury in leaving Dr. Mills's report intact and allowing her to testify completely as to the grounds for her opinion. The prejudice to Defendant is

minimal, since the statement concerns retaliation, not discrimination, and is attributable to UCBDD, not Defendant. With the aid of cross examination, the jury can be depended on to keep these issues separate. Therefore, the balance under Rule 703 disfavors restricting the expert testimony. Defendant's tenth objection is **SUSTAINED**, but only as to direct testimony.

## IV. CONCLUSION

For the reasons stated herein, Plaintiff's Motions in Limine (ECF Nos. 118, 119, 120, 121) are **DENIED**. Defendant's Motion in Limine (ECF No. 127) is **GRANTED IN PART** as to the fifth and tenth objections. Ruling is withheld as to the sixth objection, and the remaining objections are **DENIED**.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: September 29, 2019**